FILED
2020 Aug-20 AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | | |
|---|---|---|
| **VICKI ANN WAID,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 6:19-CV-00698-CLS** |
| | ) | |
| **ANDREW SAUL, Commissioner, Social Security Administration,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Vicki Ann Waid commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying her claim for disability, disability insurance, and supplemental security income benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to accord proper weight to claimant's treating physician, the ALJ failed to properly evaluate claimant's testimony, and the ALJ posed an incomplete hypothetical question to the Vocational Expert.[2] Upon review of the record, the court concludes that the first contention has sufficient merit to warrant reversal and remand.

Claimant first contends that the ALJ failed to properly consider the opinion of her treating physician, Scottie L. Twilley, D.O.[3] The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (alterations supplied). Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless

---

[2] *See* doc. no. 19 (Brief in Support of Disability), at 13-22.

[3] *See id.* at 13-19.

of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the physician and the patient; whether the physician's opinion is consistent with the record as a whole; the physician's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1074 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

The letter submitted by Dr. Twilley listed claimant's severe and non-severe medical issues, and stated that she "requires multiple medications, which have significant side effects. These side effects are variable and have been and continue to be an impediment to gainful employment. . . . She has severe chronic pain, this has been worsened with phantom pain from the partial traumatic amputation of her left foot." Tr. 317. Dr. Twilley also opined that claimant is totally disabled.[4]

The ALJ correctly gave no weight to Dr. Twilley's statement that claimant was totally disabled, because such a decision is reserved to the Commissioner.[5] *See* 20 C.F.R. § 404.1527(d)(1). The ALJ gave only partial weight to the rest of Dr.

---

[4] *See* Tr. 317.

[5] *See id.* at 23.

Twilley's opinion, because "his own records, as well as the additional medical records fail to support the degree of restrictions opined." Tr. 23. In coming to this opinion, the ALJ relied heavily upon the disability evaluation completed by consultative physician, Hikel Alfred Boohaker, M.D., to which she accorded considerable weight.[6] Claimant alleges, however, that the evaluation completed by Dr. Boohaker did not occur as described in his report.[7]

Dr. Boohaker stated in his report that claimant was "able to get up and out of the chair without difficulty. The claimant [was] able to get on and off the examination table without difficulty. The claimant ambulate[d] without difficulty and without assistive device. Gait [was] normal." Tr. 264. With regard to claimant's spine and extremities, Dr. Boohaker reported:

> There was no evidence of scoliosis. There was no spasm of the paraspinous muscles noted. There was no evidence of kyphosis. Sitting straight leg raising: left leg was 90 degrees and was negative without pain. Right leg was 90 degrees and was negative without pain. Supine straight leg raising: left leg was 75 degrees and was negative without pain. Right leg was 75 degrees and was negative without pain. *The claimant was able to walk on the toes*. The claimant was able to walk on the heels. The claimant could squat to the floor and recover. The claimant can perform tandem heel walking. The claimant was able to bend over and touch her toes. Patient has medial aspect (toes and midfoot supports of digits 1-3) amputated. She has preserved tibialis

---

[6] *See id.* The ALJ gave no weight to the state agency medical consultant, but failed to state a reason. *See id.* The ALJ did not even mention the Psychological Evaluation Report completed by Jerry Gragg, Psy. D. *See id.* at 258-60.

[7] *See* Tr. 172-73.

> anterior and gastroc motor function. Sensation intact to light touch is remaining 4 and 5th digits. She can balance herself on each foot independently.

Tr. 265 (emphasis added). Dr. Boohaker also reported that claimant's "[m]otor strength was 5/5 in all extremities." *Id.*

During proceedings in the Appeals Council, claimant supplied an affidavit that stated the consultative exam performed by Dr. Boohaker consisted solely "of a ten minute conversation," and that during "the entire time [she] was sitting in a chair,"except once when she walked about ten feet then returned to her chair. Tr. 172-73 (alteration supplied). She stated that she never walked on her toes or her heels, she never squatted, she never bent over and touched her toes, she did not perform any leg raises or demonstrate flexion.[8] She further stated that it "is impossible for [her] to walk on the toes of [her] right foot as there is a partial amputation." *Id.* at 172 (alterations supplied). The record demonstrates that claimant's first three toes on her right foot have been amputated.[9] The ALJ was never presented with this allegation, however.

Claimant argued before the Appeals Council, and now argues before this court, that the medical evidence does not support a finding that the ALJ had good cause to

---

[8] *See* Tr. 172.

[9] *See* Tr. 265 ("Patient has medial aspect (toes and midfoot support of digits 1-3) amputated. . . . Sensation intact to light touch is remaining 4 and 5th digits.").

accord less weight to claimant's treating physician based on the consulting physician's report because the consultative examination did not occur as reported.[10]

> When a claimant submits new evidence to the AC [*i.e.*, the Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram* [*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue*, 272 F. App'x 789, 802 (11th Cir. 2008) (alterations and emphasis supplied). Moreover, new evidence should be considered if there is a reasonable possibility that it would have changed the administrative result. *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015).

The Appeals Council categorized claimant's affidavit as submitting "reasons" she disagreed with the ALJ's decision, and found no reason to review the ALJ's decision based on her affidavit.[11] If claimant's allegations are credible, however, they would change the entire record upon which the ALJ primarily relied.[12] Accordingly,

---

[10] *See* doc. no. 19 (Brief in Support of Disability), at 15. *See also* Tr. 170-73.

[11] Tr. 1.

[12] *See* Tr. 22-23. When discussing the medical evidence, the ALJ cites solely Dr. Boohaker's report and one examination by Birmingham Radiology Group. *See id.* The ALJ references the medicine claimant's treating physician prescribes, but does not otherwise cite his medical records. *See id.* at 23.

this decision is due to be remanded for evaluation of claimant's allegations.

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

**DONE** and **ORDERED** this 20th day of August, 2020.

______________________________
Senior United States District Judge